THE STATE, EX REL. LEWIS F. BAKER, RELATOR, v.
JOHN G. DELANEY.

1. The act providing for the creation of a police department in certain cities of the second class, enacted in the year 1892, is constitutional.
2. The statute regulating the removal of Union soldiers from office is no restraint upon legislation producing that result.

On demurrer to plea filed to an information in the nature of a *quo warranto.*

Argued at June Term, 1892, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the relator, *William M. Lanning* and *George M. Robeson.*

For the respondent, *Edwin Robert Walker.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This case is before the court on a demurrer to the plea to an information in the nature of a *quo warranto.*

The relator, being a Union soldier, duly installed in the office of superintendent of the almshouse of the city of Trenton, by virtue of proceedings in accordance with the municipal charter, complains that his office has been intruded into by the respondent. The latter litigant in his plea justifies this alleged intrusion for the reason that he has been duly appointed to the office in dispute by virtue of the statute entitled "An act providing for the creation of a police department in cities of the second class in this state whose population now exceeds or may hereafter exceed fifty thousand, and vesting in such police department certain powers of management and appointment now vested in other departments or offices in said cities."

The answer to this contention on the side of the relator is two-fold—*first*, that the act relied on by the respondent is special and local, and therefore invalid; and, *second*, the relator, being a Union soldier, could not be removed from his official position.

The statute thus impugned we deem constitutional on the grounds stated in the two cases decided at the present term, viz., that of the State *v.* Fury and that of the State *v.* Caminade.

With respect to the second contention, its force is not perceived. The statute that regulates the removal of Union soldiers from office is applicable only to municipal action; it was not intended to be a restraint upon legislation; and in the present instance the relator was superseded by the intrinsic force of the act itself.

The respondent is entitled to judgment.